Margaret A. Kawczynski
3951 West Drexel Ave
Franklin, WI 53132



FILED/REC'D

2026 MAY 14  A 11: 05

UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Margaret A. Kawczynski,<br><br>   Plaintiff,<br><br>  vs.<br><br>Ascension Healthcare, a U.S. company<br><br>Ascension Wisconsin, a Wisconsin company<br><br>   Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.: No. 26-cv-455-wmc

CIVIL ACTION

JURISDICTION
This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332§ et seq. and 28 U.S.C 1331 § et seq.

VENUE
The venue is proper in that defendant companies operate both on an interstate and intrastate basis or are headquartered within the geographical boundaries of the Court.

NATURE OF THE CLAIM
Plaintiff alleges that Ascension SE Wisconsin Hospital Franklin was negligent in providing basic care by failing to follow the orders for medical treatment given by the orthopedic surgeon post surgery, as well as failing once again to execute the instructions of the attending physician (hospitalist) on staff. Explicit instructions were given regarding the prophylactic treatment for the prevention of DVT's (blood clots) which is routinely excersised following "All" major surgeries regardless of the age of the patient. Orders instructing for either mechanical or therapeutic treatment were given but not followed. As a result Margaret Kawczynski developed deep vein clots following her discharge from Ascension Hospital. Within less than 48 hours Margaret found herself back in the emergency room at Aurora West Allis hospital. Aside from the excruciating pain associated with the condition, the urgently needed treatment which was extremely harsh for the now life threatening situation, had a cascading effect. Adverse reactions from the anticoagulation therapy arose almost on a daily basis. The need for constant blood transfusions caused numerous complications, the mitigation of which resulted in the onset of additional ones to deal with. As a result, Margaret was near death several times during her month-long stay. The toll on her organ systems was immense. Upon her release from West Aliis Hospital, Margaret was left in an extremely debilitated state compared to her initial release from Ascension Hospital. While she had been driving and living completely independent, she is now in need of exstensive in-home care in order for her to remain at home.

FACTS
1. Margaret A Kawczynski (age 87) was admitted to Ascension SE Wisconsin Franklin on September 28 2025 for a broken femur.

2. Surgery to repair the injury was performed by Dr. Bindu Bamrah on September 30 2025.

1

3. Almost immediately following surgery the designated social worker expressed an urgency to find a rehab facility for which to transfer Margaret Kawczynski in order to facilitate her discharge from the hospital.

4. Margaret was discharged and transferred to Heritage Square Healthcare center. on October 2 2025.

5. Discharge instructions to the transferring facility regarding continuing care, did not include any orders for anti-coagulation therapy of any kind.

6. The following day (October 3) Margaret experienced an emergency medical episode and was taken to Aurora West Allis emergency room and was eventually admitted to the hospital.

7. The existence of DVT's (blood clots) was diagnosed following an investigatory ultrasound.

8. Treatment to combat the blood clots caused extensive internal bleeding at the surgical site as well as other internal organs resulting in numerous blood transfusions.

9. On October 22 Margaret was transferred to Milwaukee rehabilitation Hospital only to be readmited to West Allis hospital several days later, due to uncontrolled bloody emesis.

10. At one point, the hosptalist at Aurora West Allis asked the family to consider DNR instructions as her condition continued to deteriorate and she was near death.

11. Margaret eventually recovered and was discharged from Aurora West Allis on November 7 2025

12. Margaret continues to deal with the lingering effects of the preventable ordeal.

FIRST CAUSE OF ACTION

Claims under Wisconsin Statutes. Wis. Stat. § 655.006 Failing in the duty to exercise due care, i.e meeting basic medical standard of care resulting in great bodily injury. Hospital staff failed to provide the recommended customary post-operative prevention measures. Failing to do so would be considered causative for the resulting condition.

SECOND CAUSE OF ACTION

Violation of 42 U.S.C. § 12101 (Title V) While age is not specifically considered a disability, a number of physical manifestations of advancing age are recognized as qualifying impairments under the statute. Discrimination against a person with a disability is in violation of federal statute regardless of how or when it was acquired. Ascension SE Wisconsin Hospital appears to have a policy of prematurely excising elderly patients which require longer hospital stays needing supportive care. While Margaret Kawczynski has experienced this apparent policy on her past visits, this time it contributed to the significant harm. Based on information and belief, the policy of prematurely

2

discharging elderly patients is not the norm for other area hospitals. In fact, through the course of our investigation

we have identified a number of far more egregious cases of such precipitous discharges specific to the hospital in

question. The one commonality to those cases being that the affected class was considered elderly.

PRAYER FOR RELIEF

The Plaintiff demands that a trial by jury be had on all counts and that following such trial, judgment be entered on
Plaintiff's behalf against Defendants granting the following relief:
1. For damages in the sum of $10 million or such greater sum as shall be found to have been caused from the
   improper conduct of Defendants.
2. Plaintiff's costs of this action including reasonable attorneys' fees;
3. Punitive damages of at least $100 million or as are determined by the enlightened conscience of an impartial jury
   to deter Defendants from future conduct of the type proven at trial.
4. Such further and additional relief as the Court may deem is appropriate.

Additionally, Plaintiff respectfully requests that the Court enter judgment against Defendant, Ascension Healthcare
as follows:
1. Enter a judgment that Defendant's acts and practices as set forth herein are in violation of the laws of the United
   States.

Dated this 6th day of May, 2026

Margaret A. Kawczynski, Pro Se
3951 W Drexel Ave
Franklin, WI 53132
rickkawczynski@aol.com

3