IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MARGARET KAWCYNSKI,

                         Plaintiff,                                OPINION AND ORDER

      v.

                                                             26-cv-455-wmc

ASCENSION HEALTHCARE, a U.S.
Company, and ASCENSION
HEALTHCARE, a Wisconsin Company,

                         Defendants.

Representing herself, plaintiff Margaret Kawcynski has filed a civil action against defendant Ascencion Healthcare, which is described as "a U.S. Company," and defendant Ascension Healthcare, which is described as "a Wisconsin Company." (Dkt. #1.) Plaintiff, a resident of Frankin, Wisconsin, contends that she was denied adequate medical care due to negligence by staff at "Ascension SE Wisconsin Hospital Franklin," who did not (1) follow instructions issued by an orthopedic surgeon after she had surgery to repair a broken femur; or (2) provide discharge instructions for continuing care when transferring her to a rehabilitation facility, where she later developed complications. Plaintiff seeks more than $10 million in damages for the failure of hospital staff to exercise due care in violation of Wisconsin state law and "Title V" of the Americans with Disabilities Act.

The court is required by Administrative Order 421 to review the case for potential jurisdictional issues. (Dkt. #3.) Complaints filed by pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Having reviewed all of the pleadings as required under this lenient

standard, the court must dismiss the complaint with leave to amend for the reasons explained below.

OPINION

"Federal courts are courts of limited jurisdiction." *Qin v. Deslongchamps*, 31 F.4th 576, 582 (7th Cir. 2022) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Word Seed Church v. Village of Hazel Crest*, 111 F.4th 814, 819 (7th Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Congress has authorized federal district courts to hear (1) cases that raise a federal question; and (2) cases in which there is diversity of citizenship among the parties. *Smart v. Loc. 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009) (citing 28 U.S.C. §§ 1331-1332). It is well established that "the party invoking federal jurisdiction bears the burden of demonstrating its existence." *Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) (citations omitted).

Here, in addition to asserting a claim of negligence under state law, plaintiff cites 42 U.S.C. § 12101 and invokes "Title V" of the Americans with Disabilities Act as a basis for federal question jurisdiction. (Dkt. #1, at 2.) Title V of the ADA states: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified,

assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Plaintiff's allegations do not implicate a claim under Title V, nor are her allegations of medical negligence or malpractice based on substandard care actionable under the ADA. *See Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice [based on inadequate treatment]."). Accordingly, the complaint fails to allege sufficient facts establishing a valid basis for federal-question jurisdiction.

Plaintiff also invokes diversity as a basis for jurisdiction under § 1332. For diversity jurisdiction to exist, however, a complaint must allege complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. "Complete diversity" exists when no plaintiff is from the same state as any defendant. *Smart*, 562 F.3d at 803. In this case, plaintiff is presumably a Wisconsin citizen, who sues two corporate entities. The current version of the diversity-jurisdiction statute states: "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1); *see also Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (2021) ("When it comes to corporations . . . the diversity statute itself makes clear that a corporation is a citizen of both its state of incorporation and the state in which it maintains its 'principal place of business.'"). While plaintiff provides few details about defendants' corporate citizenship, her allegation that one of the defendants is "a Wisconsin Company" defeats complete diversity, since plaintiff implies that defendant Ascencion Healthcare of Wisconsin operates the hospital where she had orthopedic surgery, and

would necessarily be incorporated in Wisconsin. *See Page*, 2 F.4th at 636 ("shared citizenship between just one party on both sides of the lawsuit destroys complete diversity").

For these reasons, plaintiff has not met her burden to plead facts establishing that federal subject matter jurisdiction exists. Because the Seventh Circuit has cautioned against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend the complaint, *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016), the court will grant her an opportunity to file an amended complaint that establishes federal subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1. Plaintiff Margaret Kawczynski shall have until **June 26, 2026**, to file an amended complaint containing good faith allegations sufficient to establish subject matter jurisdiction.

2. Plaintiff is advised that any failure to amend within the time allowed will result in prompt dismissal of this action without prejudice for lack of subject matter jurisdiction.

Entered this 27th day of May, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

4